**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 22-23667-CIV-SCOLA/GOODMAN**

TAKERA JACKSON
on behalf of J.J.,

    Plaintiff,

v.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

_____/

### REPORT AND RECOMMENDATIONS ON COMMISSIONER'S *OPPOSED* MOTION TO REMAND PURSUANT TO SENTENCE SIX OF 42 U.S.C. § 405(g)

Plaintiff Takera Jackson ("Jackson" or "Plaintiff") filed this action on behalf of her minor son, J.J., challenging a denial of social security benefits. [ECF No. 1]. Defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration ("Commissioner"), filed an *opposed* motion to remand this case for further administrative proceedings under sentence six of 42 U.S.C. § 405(g). [ECF No. 12].

According to the Clerk's directive in these types of administrative appeals, "this matter is referred to the [Undersigned] for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation[s] on any dispositive matters." [ECF No. 2].

As explained below, the Undersigned **respectfully recommends** that the District Court **grant** the Commissioner's opposed motion [ECF No. 12].

I.  **Procedural Background**

A review of the docket indicates Jackson filed a Complaint on November 7, 2022 [ECF No. 1] and was granted leave to proceed *in forma pauperis* on November 8, 2022 [ECF No. 4].

On February 10, 2023, Defendant filed the instant motion, asserting that this matter should be remanded to the Commissioner for further administrative proceedings pursuant to sentence six of 42 U.S.C. § 405(g), explaining that "[i]n this case, significant portions of the recording of the oral hearing [before the ALJ] are inaudible." [ECF No. 12, p. 2]. Defendant represents that Plaintiff, who is *pro se*, has been contacted and she opposes this motion for remand. *Id.* at 3.

The Undersigned issued a Paperless Order [ECF No. 13] requiring Plaintiff to file a response and warning Plaintiff that the failure to file a timely response would result in a recommendation that the instant motion be granted:

> By no later than Friday, February 24, 2023, Plaintiff will file a memorandum of law addressing her opposition to this motion. The failure to file a timely response memorandum will result in a Report and Recommendations recommending that the Commissioner's motion be granted and that the matter be remanded back to the Commissioner for further proceedings. *See* S.D. Fla. L.R. 7.1(c)(1) (stating that the failure to file an opposing memorandum "may be deemed sufficient cause for granting the motion by default").

The court-imposed deadline has passed and no response was filed by Jackson. Therefore, pursuant to Local Rule 7.1(c)(1), the instant motion should be **granted by default**.

The instant motion should also be granted on the merits. "Sentence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993) (citations omitted). "[U]nder sentence six, [the] movant must show 'good cause for the failure to incorporate . . . evidence into the record in a prior proceeding.'" *Forbes v. Berryhill*, No. 18-CV-61769, 2019 WL 8810368, at *1 (S.D. Fla. Jan. 30, 2019) (quoting 42 U.S.C. § 405(g)). "[I]rregularities in the recording process for . . . [the] hearing before the administrative law judge constitute cause for remand[.]" *Garver on behalf of A.F. v. Kijakazi*, No. 3:21-CV-824-JTA, 2022 WL 681748, at *1 (M.D. Ala. Mar. 7, 2022); *see also Allard v. Comm'r of Soc. Sec.*, No. 6:14-CV-1236-EJK, 2023 WL 145018, at *1 (M.D. Fla. Jan. 10, 2023) (noting that the court had previously remanded the case under sentence six where "the Commissioner was unable to produce a complete administrative transcript because significant portions of the administrative hearing were inaudible.").

Here, the Commissioner has not filed an answer to Plaintiff's Complaint and represents that critical portions of the record are inaudible. Upon consideration, the

Undersigned finds Defendant's motion should be granted and this action should therefore be remanded.

The Commissioner asks that the Court retain jurisdiction while the matter is on remand:

> The Court should retain jurisdiction of this matter and not enter a final judgment in accordance with Fed. R. Civ. P. 58. *See* 42 U.S.C. § 405(g); *see also* [*Melkonyan v. Sullivan*, 501 U.S. 89, 100 n.2 (1991)] (noting that remand without making substantive findings requiring the Commissioner to return to district court necessitates that the court retain jurisdiction over the case). Upon conclusion of the administrative proceedings on remand, the Commissioner will file a motion to reopen this action and, if appropriate, a copy of the transcript.

[ECF No. 12, p. 2].

Accordingly, the Undersigned **respectfully recommends** that the District Court **grant** Defendant's opposed motion for remand and order that this action be **remanded** to the Social Security Administration for further administrative proceedings. The Court should administratively close this case, retain jurisdiction, and should not enter a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure until after post-remand proceedings are completed, and the Commissioner has filed with the Court a motion to reopen the case. *See Melkonyan*, 501 U.S. 100 n.2.

## II.     Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within

fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interests of justice. *See* 29 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, Miami, Florida, on February 27, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All counsel of record