UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-23667-CIV-SCOLA/GOODMAN

TAKERA JACKSON
on behalf of J.J.,

      Plaintiff,

v.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

      Defendant.

_____/

## REPORT AND RECOMMENDATIONS
## ON PLAINTIFF'S MOTION TO REOPEN CASE

Plaintiff Takera Jackson ("Jackson" or "Plaintiff") filed this action *pro se*[1] on behalf of

her minor son, J.J., challenging a denial of social security benefits. [ECF No. 1]. Defendant

Kilolo Kijakazi, Acting Commissioner of the Social Security Administration

("Commissioner"), filed an opposed motion to remand this case for further administrative

---

[1] "This Court is required to construe *pro se* filings liberally." *Stroud v. Bank of Am.*, No. 11-22489-CIV, 2012 WL 3150054, at *1 (S.D. Fla. Aug. 1, 2012) (quoting *Moghaddam-Trimble v. S. Fla. Water Mgmt. Dist.*, 479 F. App'x 311, 312 n.2 (11th Cir. 2012)); *see also*, *Retie v. United States*, 215 F. App'x 962, 964 (11th Cir. 2007) (explaining that federal courts may liberally construe pro se filings "in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis."). Liberal construction, however, does not mean that the Court will rewrite a filing on behalf of a *pro se* litigant. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

proceedings under sentence six of 42 U.S.C. § 405(g). [ECF No. 12]. No response was filed by Jackson and the Undersigned issued a Report and Recommendations recommending that the Commissioner's motion be granted by default. [ECF No. 14]. The Undersigned also determined that the motion should be granted on the merits. *Id.* at 3.

Ultimately, Jackson filed a response (after the issuance of the Report and Recommendations) opposing the motion to remand. [ECF No. 15]. United States District Judge Robert N. Scola, Jr. then entered an order adopting the Report and Recommendations on the Commissioner's motion and directed the prompt remand of this case to the Social Security Administration. [ECF No. 16]. Judge Scola also directed the Clerk to administratively close the case, noting that "[a]ny party may move to reopen this case upon the conclusion of the post-remand proceedings." *Id.*

Plaintiff has now filed the instant motion seeking to reopen the case. [ECF No. 17]. The Commissioner filed an opposition response. [ECF No. 20]. No reply was filed and the time to do so has passed.

According to the Clerk's directive in these types of administrative appeals, "this matter is referred to the [Undersigned] for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation[s] on any dispositive matters." [ECF No. 2].

As explained below, the Undersigned **respectfully recommends** that the District Court **deny** Plaintiff's motion. [ECF No. 17].

I.    **Analysis**

Plaintiff asks the Court to reopen this case because she claims to not have received any

correspondence since filing her response to the Commissioner's motion to remand. [ECF No. 17]. She claims to not have "received anything in the mail, [by] email, or [by] phone[.]" *Id.* Plaintiff further argues that this case should be reopened because she has been "dealing with this for over two years and would hate to have to start over fighting for [J.J.'s] disability [benefits.]" *Id.*

In response, the Commissioner maintains that Plaintiff's motion to reopen the case is premature given the fact that it has been less than three months since the Court ordered this case to be remanded to the Social Security Administration for "further administrative actions." [ECF No. 20]. In particular, the Commissioner notes that the agency has not had sufficient time for an administrative law judge to conduct a new hearing and issue a new decision which would "resolve the deficiencies in the record." *Id.* at 2-3.[2] Because a new administrative hearing has yet to take place, the Commissioner is unable to file a certified transcript of the administrative record. *Id.* at 2.

In light of the fact that post-remand proceedings have not yet been completed, the Undersigned agrees with the Commissioner that it is premature to reopen the case at this juncture. The Court's Order specifically noted that any party "may move to reopen this case upon the *conclusion* of the post-remand proceedings." [ECF No. 16 (emphasis added)].

The Eleventh Circuit has explained the nature of a sentence-six remand:

In a sentence-six remand, the statutory provision itself specifically requires the Commissioner to return to [the] district court to file additional or modified

---

[2]     The deficiencies in the record result from "significant portions of the recording of the oral hearing at the administrative level [being] inaudible[.]" [ECF No. 20, p. 1].

findings of fact *after* the new evidence is heard. [*Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991)]. Because the parties must return to [the] district court *after* the remand proceedings to file the Commissioner's findings of fact, the district court retains jurisdiction over the case throughout the remand proceedings.

*Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996) (emphasis added).

The purpose of waiting to reopen a case until after the post-remand proceedings have taken place at the administrative level is to allow the development of a complete record for the Court to review. Given that the original conditions necessitating remand have not yet been resolved (namely, remedying a deficient transcript resulting from inaudible portions of a recording of the administrative hearing), the Court will not have a complete record before it if the case were reopened now.

Accordingly, the Undersigned **respectfully recommends** that the District Court **deny** Plaintiff's motion to reopen the case. The instant action should remain administratively closed, the Court should continue to retain jurisdiction, and should not enter a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure until after post-remand proceedings are completed, and either party has filed with the Court a motion to reopen the case. *See Melkonyan*, 501 U.S. 100 n.2.

The Clerk of the Court is directed to mail a copy of this Report and Recommendations to Takera Jackson, 250 SW 14th Ave., Apt. 70, Homestead, FL 33030 and file a notice of compliance on CM/ECF.

## II.    Objections

The parties will have fourteen (14) days from the date of being served with a copy of

this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interests of justice. *See* 29 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, Miami, Florida, on July 24, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All counsel of record