UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-23667-CIV-SCOLA/GOODMAN

TAKERA JACKSON
on behalf of J.J.,

    Plaintiff,

v.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

    Defendant.
_____/

## ORDER REGARDING *PRO SE* REPRESENTATION OF MINOR

This matter is before the Court following a *sua sponte* review of the record. Plaintiff Takera Jackson ("Jackson" or "Plaintiff") initiated this action on behalf of her minor son, J.J., challenging a denial of social security benefits. [ECF No. 1]. Over Plaintiff's objection, Senior United States District Judge Robert N. Scola, Jr. granted the Commissioner of the Social Security Administration's ("Commissioner") motion to remand this matter to the Social Security Administration for further administrative proceedings. [ECF Nos. 12; 14; 16; 17; 21; 23].

On February 22, 2025, the Commissioner filed a motion to reopen and reinstate this action on the docket following an unfavorable decision issued on remand. [ECF No. 24]. Prior to filing the motion, the Commissioner attempted to confer with Plaintiff. *Id.* at

1–2. He left two voicemail messages and received no response. *Id.* The Undersigned granted the motion and reopened the case. [ECF No. 25].

At the Undersigned's direction [ECF Nos. 25; 27], the Commissioner mailed to Plaintiff a copy of the Order reopening the case [ECF No. 25] and the subsequently issued Scheduling Order [ECF No. 26]. *See* Notice of Compliance [ECF No. 28].

It appears that Plaintiff intends to represent her son in this case. The Eleventh Circuit has stated that parents who are not attorneys may not bring claims and act as legal counsel on their child's behalf. *See Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997), *overruled on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 127 S. Ct. 1994, 167 L. Ed. 2d 904 (2007).

The purpose of this rule is to help ensure that children who are rightfully entitled to legal relief "are not deprived of their day in court by unskilled, if caring, parents." *Grappell v. Carvalho*, 847 F. App'x 698, 701 (11th Cir. 2021) (quoting *Devine*, 121 F.3d at 582). Minors are "entitled to trained legal assistance so their rights may be fully protected" and "[t]here is nothing in the guardian-minor relationship that suggests that the minor's interests would be furthered by representation by the non-attorney guardian." *Woodburn v. Sec'y of State of Fla.*, No.09-20981-CIV, 2010 WL 3452340 at *4 (S.D. Fla. Sept. 1, 2010) (quoting *Cheung, M.D. v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)).

An action like this one, where a parent attempts to represent his or her child *pro se*, is subject to dismissal. *Warner v. Sch. Bd. of Hillsborough Cnty., Fla.*, No. 23-12408, 2024 WL 2053698, at *3 (11th Cir. May 8, 2024) (citing *Devine*, 121 F. 3d at 581–82) ("This Court, however, is bound by our precedent, which holds that a parent may not advance his child's cause of action *pro se*.").

The Undersigned is aware of some cases which have recognized exceptions to the rule that a *pro se* litigant cannot represent the interests of others. In *Kennedy o/b/o C.H.P.K. v. Berryhill*, the court determined that a mother could proceed *pro se* on behalf of her minor child. No. 3:17CV923-CJK, 2019 WL 623855, at *1 (N.D. Fla. Jan. 29, 2019). In doing so, the court distinguish *Devine* on the ground that it was an Individuals with Disabilities in Education Act ("IDEA") case. *Id.* at *2 ("*Devine* . . . is distinguishable from the present case because it involved the [IDEA], rather than the Social Security Act. As the Commissioner notes, the Eleventh Circuit has not addressed the *Devine* holding in the context of an appeal from an administrative denial of [Supplemental Security Income ('SSI')] benefits." (footnote omitted)).

It also noted that:

In *Harris v. Apfel*, the Fifth Circuit held "a non-attorney parent [is] permitted to sustain a *pro se* action on behalf of a minor child in SSI appeals" because: **(1) the parent "has a personal financial stake in the . . . action"; (2) "the rights of minors . . . can be adequately protected without legal counsel— the proceedings essentially involve the review of an administrative record"; and (3) "prohibiting non-attorney parents from proceeding *pro se* . . . on behalf of a minor child[ ] would jeopardize seriously the child's**

3

**statutory right to judicial review under § 405(g)**." 209 F.3d 413, 416–17 (5th Cir. 2000) (relying on *Maldonado v. Apfel*, 55 F. Supp. 2d 296 (S.D.N.Y. 1999)). *Id.* Finding the *Harris* analysis persuasive, the *Kennedy* Court permitted the mother to represent her child. *Id.* ("The analysis set forth in *Harris* is persuasive, and the court finds Ms. Kennedy may proceed *pro se* on behalf of CHPK.").[1]

Similarly, in *T.R.B. by & through Green v. Berryhill*, the court (citing to decisions from the Second and Seventh Circuit) noted that "the prohibition on parents prosecuting their children's claims *pro se* 'is not ironclad.'" No. CV419-068, 2019 WL 2202785, at *1 (S.D. Ga. May 21, 2019) (quoting *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010) and citing *Machadio v. Apfel*, 276 F.3d 103, 107 (2d Cir. 2002)).

The court reasoned that:

**Given courts' general approbation for non-attorney parents' pursuit of SSI benefits on behalf of their children, the Court sees no reason to prevent Green's suit on behalf of T.R.B.** *See, e.g., Harris*[,] 209 F.3d [at 414–17] (holding that "the rights of minors in SSI appeals can be adequately protected without legal counsel—the proceedings" and a prohibition on such representation "would jeopardize seriously the child's statutory right to judicial review under § 405(g)."); *see also, e.g., Kennedy o/b/o C.H.P.K.*[, 2019 WL 623855 at * 2] ("The analysis set forth in *Harris* is persuasive, and the court finds [the parent] may proceed *pro se* on behalf of [the minor]."); *Woods on behalf of A.L.D. v. Comm*[*'r*] *of Soc*[*.*] *Sec*[*.*], [No. 3:16-CV-503,] 2018 WL 773925 at * 3 (S.D. Ohio Feb. 8, 2018) (Report and Recommendation declining to recommend dismissal of minor's [s]ocial [s]ecurity appeal brought by *pro se* parent on standing grounds, based on "the same policy considerations" recognized in *Harris*).

---

[1]     Ultimately, the court remanded the case to the Commissioner for further proceedings. *Kennedy o/b/o C.H.P.K.*, 2019 WL 623855, at *3.

*Id.* at *2.

But in *Peake ex rel. K.R.D. v. Comm'r of Soc. Sec.*, the court (faced with the same scenario -- a parent seeking to appeal her minor child's denial of SSI benefits) reached the opposite conclusion:

> **Under the law of this circuit, parents do not have the right to represent their children in federal court**. *Devine*[, 121 F.3d 576]. In *Devine*, a complaint was filed by counsel asserting that the defendant was violating the [IDEA], 20 U.S.C. § 1400 *et seq.*, with respect to a disabled minor, John. During the litigation, John's father sought to discharge the attorney handling the case and requested leave to represent John *pro se*. The district court denied the motion stating that "Rule 17(c) . . . permits authorized representatives, including parents, to sue on behalf of minors, but does not confer any right upon such representatives to serve as legal counsel." *Id.* at 581. The court stated that it would follow the "usual rule-that parents who are not attorneys may not bring a *pro se* action on their child's behalf-because it helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents." *Id.* at 582.
>
> **The United States Supreme Court thereafter determined that a parent has independent rights under the IDEA that he or she may assert**. *Winkelman ex rel. Winkelman*[, 127 S. Ct. 1994]. **The Court declined to decide, however, whether a parent could litigate *pro se* her child's rights under the IDEA**. *Id.* at 2007. Accordingly, <u>**the *Devine* decision prohibiting a parent from representing a child's rights without use of an attorney is still binding on this court**</u>.
>
> I note that there are many attorneys who practice in this [c]ourt who represent indigent social security disability claimants. Because the issues subject to review by this Court are limited to those specifically raised by the plaintiff, . . . **this is not a case in which there would be no prejudice to [the minor] if he were represented by someone who is not an attorney licensed to practice in this [c]ourt**.

No. 6:06-CV-1863-ORL-KRS, 2008 WL 495377, at *1 (M.D. Fla. Feb. 20, 2008) (emphasis added; footnote omitted).

5

In issuing its ruling, the *Peake* Court recognized that other courts had permitted this type of representation,[2] nonetheless the court stated it would "follow the rule in *Devine* absent other guidance from the Eleventh Circuit or the United States Supreme Court." *Id.* at *1 n.1.

The court in *Figueroa v. Comm'r of Soc. Sec.* (relying on Eleventh Circuit case law) also determined that a mother could not represent her son in a social security case:

> it appears that [the] [p]laintiff seeks relief on behalf of her son. Although individual parties in federal court generally "may plead and conduct their own cases personally or by counsel," 28 U.S.C. § 1654, **the right to appear *pro se* is limited to parties conducting "their own cases" and does not extend to non-attorney parties representing the interests of others**. *FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015). Consequently, "'**parents who are not attorneys may not bring a *pro se* action on their child's behalf**.'" *Id.* (quoting *Devine*[, 121 F.3d at 581]). Therefore, **although a parent may file an application for disability benefits on his or her child's behalf and may seek review of a decision denying benefits, a parent may not bring a pro se action on the child's behalf**. *See Whitehurst v. Wal-Mart*, 306 F. App'x 446, 449 (11th Cir. 2008) (providing that although Federal Rule of Civil Procedure 17 authorizes a guardian to sue on behalf of a minor child, a non-lawyer parent cannot represent a child in an action on the child's behalf). Therefore, **[the] [p]laintiff, as a non-attorney, may not bring a *pro se* action on her son's behalf or otherwise represent him in this action**.

---

[2] *See Peake ex rel. K.R.D.*, 2008 WL 495377, at *1 n.1 (citing *Price v. Barnhart*, 129 F[.] App[']x[ ] 699, 700 (3d Cir. 2005); *Machadio*, 276 F.3d at 106; *Harris*, 209 F.3d at 415; *Moore ex rel. Moore v. Barnhart*, No. 02-C-0401-C, 2003 WL 23163110, at *2 (W.D. Wis. June 20, 2003)).

No. 8:16-CV-1343-T-33JSS, 2016 WL 11578639, at *2 (M.D. Fla. Sept. 1, 2016), *report and recommendation adopted*, No. 8:16-CV-1343-T-33JSS, 2016 WL 11578640 (M.D. Fla. Sept. 23, 2016) (emphasis added).

The Undersigned sides with those cases which have concluded that a parent cannot represent their minor child in a *pro se* capacity.

First, the Undersigned sees no reason to distinguish the Eleventh Circuit's decision in *Devine* on the ground that it was an IDEA case. *See Warner v. Sch. Bd. of Hillsborough Cnty., Fla.*, No. 23-12408, 2024 WL 2053698, at *3 (11th Cir. May 8, 2024) ("Warner argues that *Devine's* holding was narrow and applies only to cases under the [IDEA]. But that reading ignores *Devine's* discussion of [28 U.S.C.] § 1654 and Rule 17(c), both of which are broadly applicable to all manner of federal litigation.").

Second, those courts that have ruled differently rely on decisions from outside this Circuit.

Third, the three reasons cited by *Harris*[3] for allowing a parent to represent a minor child in social security cases hold true in other instances as well. Thus, the Undersigned sees no reason to carve out an exception in social security cases. And, as noted in *Peake ex rel. K.R.D.*, allowing a parent who is not an attorney to represent the child is not without potential pitfalls for the child. 2008 WL 495377, at *1 ("Because the issues subject to review

---

[3] *Harris*, 209 F.3d at 416–17.

by this [c]ourt are limited to those specifically raised by the plaintiff, . . . this is not a case in which there would be no prejudice to [the minor] if he were represented by someone who is not an attorney licensed to practice in this [c]ourt.").

Fourth, at least one Eleventh Circuit unpublished decision suggests that the Eleventh Circuit would not make an exception to this rule in cases like this one. *See Mantz on behalf of Dunkley v. Soc. Sec. Admin., Comm'r*, No. 21-12789, 2022 WL 2859460, at *2 (11th Cir. July 21, 2022) ("[I]t appears that [the grandmother] was not authorized to pursue [social security survivor's benefits] claims on behalf of [the grandson] through a *pro se* action in federal court, even assuming she was his legal guardian." (citing *Devine*, 121 F.3d at 581)).

For these reasons, the Undersigned concludes that Jackson, who is not an attorney, cannot represent J.J.'s interests in this action. Because Plaintiff cannot represent J.J. in a *pro se* capacity, the Court will provide Plaintiff until **Friday**, **May 23, 2025** to obtain an attorney and for that attorney to file on CM/ECF a notice of appearance on J.J.'s behalf. Plaintiff may look to sources of legal assistance, such as Legal Services of Greater Miami, the Dade Legal Aid/Put Something Back program, or similar organizations offering *pro bono* legal representation.

**The failure to timely file a notice of attorney appearance in this case will result in a report and recommendations, recommending that Judge Scola dismiss this case without prejudice**. *See, e.g., Prunty v. Comm'r of Soc. Sec.*, No. 220CV333FTM66NPM, 2020

8

WL 13337789, at *2 (M.D. Fla. July 30, 2020), *report and recommendation adopted*, No. 220CV00333FTM66NPM, 2020 WL 13337790 (M.D. Fla. Aug. 18, 2020) (dismissing social security action for, among other things, failing to retain counsel for minor).

**DONE AND ORDERED** in Chambers, in Miami, Florida, on March 28, 2025.

Jonathan Goodman
CHIEF UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record