**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

**CASE NO. 22-23667-CIV-SCOLA/GOODMAN**

TAKERA JACKSON
on behalf of J.J.,

   Plaintiff,

v.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

   Defendant.

_____/

### REPORT AND RECOMMENDATIONS RECOMMENDING DISMISSAL WITHOUT PREJUDICE REGARDING *PRO SE* REPRESENTATION OF MINOR

Plaintiff Takera Jackson ("Jackson" or "Plaintiff") initiated this action *pro se* on behalf of her minor son, J.J., challenging a denial of social security benefits. [ECF No. 1]. According to the Clerk's directive in these types of administrative appeals, "this matter is referred to the [Undersigned] for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation[s] on any dispositive matters." [ECF No. 2].

As explained below, the Undersigned **respectfully recommends** that the District Court **dismiss without prejudice** Plaintiff's lawsuit because she cannot represent J.J. in a *pro se* capacity.

I.      **Background**

Over Plaintiff's objection, Senior United States District Judge Robert N. Scola, Jr. granted the Commissioner of the Social Security Administration's ("Commissioner") motion to remand this matter to the Social Security Administration for further administrative proceedings. [ECF Nos. 12; 14; 16; 17; 21; 23].

On February 22, 2025, the Commissioner filed a motion to reopen and reinstate this action on the docket following an unfavorable decision issued on remand. [ECF No. 24]. Prior to filing the motion, the Commissioner attempted to confer with Plaintiff. *Id.* at 1–2. He left two voicemail messages and received no response. *Id.* The Undersigned granted the motion and reopened the case. [ECF No. 25].

At the Undersigned's direction [ECF Nos. 25; 27], the Commissioner mailed to Plaintiff a copy of the Order reopening the case [ECF No. 25] and the subsequently issued Scheduling Order [ECF No. 26]. *See* Notice of Compliance [ECF No. 28].

On March 28, 2025, the Undersigned issued an Order regarding Plaintiff's *pro se* representation of J.J. [ECF No. 29]. The Order explained that, under Eleventh Circuit law, "'parents who are not attorneys may not bring claims and act as legal counsel on their child's behalf.'" *Id.* at 2 (citing *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997), *overruled on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 127 S. Ct. 1994, 167 L. Ed. 2d 904 (2007)). The Order also provided Plaintiff with an opportunity, until May 23, 2025, to obtain counsel for J.J. and listed two potential

2

sources of legal assistance. *Id.* at 8. It also explained that "**[t]he failure to timely file a notice of attorney appearance in this case will result in a report and recommendations, recommending that Judge Scola dismiss this case without prejudice**." *Id.* (citing *Prunty v. Comm'r of Soc. Sec.*, No. 220CV333FTM66NPM, 2020 WL 13337789, at *2 (M.D. Fla. July 30, 2020), *report and recommendation adopted*, No. 220CV00333FTM66NPM, 2020 WL 13337790 (M.D. Fla. Aug. 18, 2020) (emphasis in original)).

No attorney entered a notice of appearance on behalf of J.J. and Plaintiff did not seek to extend the May 23, 2025 deadline.

## II.     Analysis

It appears that Plaintiff intends to represent her son in this case. The Eleventh Circuit has held that parents who are not attorneys may not bring claims and act as legal counsel on their child's behalf. *See Devine*, 121 F.3d at 581. The purpose of this rule is to help ensure that children who are rightfully entitled to legal relief "are not deprived of their day in court by unskilled, if caring, parents." *Grappell v. Carvalho*, 847 F. App'x 698, 701 (11th Cir. 2021) (quoting *Devine*, 121 F.3d at 582). Minors are "entitled to trained legal assistance so their rights may be fully protected" and "[t]here is nothing in the guardian-minor relationship that suggests that the minor's interests would be furthered by representation by the non-attorney guardian." *Woodburn v. Sec'y of State of Fla.*, No.09-20981-CIV, 2010 WL 3452340 at *4 (S.D. Fla. Sept. 1, 2010) (quoting *Cheung, M.D. v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)).

An action like this one, where a parent attempts to represent his or her child *pro se*, is subject to dismissal. *See, e.g.*, *Warner v. Sch. Bd. of Hillsborough Cnty., Fla.*, No. 23-12408, 2024 WL 2053698, at *3 (11th Cir. May 8, 2024) ("This Court, however, is bound by our precedent, which holds that a parent may not advance his child's cause of action *pro se*." (citing *Devine*, 121 F. 3d at 581–82)).

As discussed in the Undersigned's earlier Order [ECF No. 29, pp. 3–5], there are a few district court decisions which have permitted non-attorney parents to represent their children. But those are district court cases and, absent further instruction from the Eleventh Circuit or the Supreme Court, this Court should follow the Eleventh Circuit's decision in *Devine*. *See, id.* at 6–8. For these reasons, the Undersigned concludes that Jackson, who is not an attorney, cannot represent J.J.'s interests in this action.

## III.   Conclusion

The Undersigned informed Plaintiff that she cannot represent J.J. in a *pro se* capacity. Because Plaintiff failed to adhere to the Court's warning [ECF No. 29] and obtain counsel for J.J., the Undersigned **respectfully recommends** that the District Court **dismiss this case without prejudice**. *See, e.g.*, *Prunty v. Comm'r of Soc. Sec.*, No. 220CV333FTM66NPM, 2020 WL 13337789, at *2 (M.D. Fla. July 30, 2020), *report and recommendation adopted*, No. 220CV00333FTM66NPM, 2020 WL 13337790 (M.D. Fla. Aug. 18, 2020) (dismissing social security action for, among other things, failing to retain counsel for minor).

## IV.     Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interests of justice. *See* 29 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on May 28, 2025.

Jonathan Goodman
CHIEF UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record